[*102] *STEPHEN PEPSON agt. CHRISTIAN ABLEMAN *et al.*

Where an attorney has leave to make a case or bill of exceptions, and he prepares and serves a *bill of exceptions*, amendments are proposed, and it is subsequently settled by the circuit judge, but *not signed* by him: the attorney cannot notice it, and bring it on to argument as a *case.*

A bill of exceptions delivered by the circuit judge as settled, but *not signed*, may be *resettled*, after it has been noticed for argument and the argument moved on; objection being made to the argument, because the bill is not signed.

*February Term*, 1846.

MOTION by defendant to set aside an order of the circuit judge, granting a new trial to the plaintiff.

This cause was tried 3d February, 1844, at the Albany circuit; a verdict was rendered for all of the defendants. Exceptions were taken by plaintiff's attorney on the trial to the ruling of the circuit judge. A bill of exceptions was afterwards made out by plaintiff's attorney, and a copy served on defendants' attorney. Amendments were proposed and served, and the bill and amendments left with the late circuit judge for settlement. The judge settled the bill, and returned it to plaintiff's attorney. The cause was noticed for argument before the circuit judge in office, for the first Monday in December last. After the argument had been moved by plaintiff's counsel, it was objected by defendants' counsel that the bill was not signed by the late circuit judge; plaintiff's counsel then proposed to argue it as a case, which was objected by defendants' counsel; the argument was thereupon put off until the next day. On the same day the argument was moved, the attorneys for the respective parties appeared before the late circuit judge, and defendants' attorney objected to the bill being signed, on the ground that it was not settled correctly, in an important particular. The late circuit judge not being able to find his notes of trial at that time, postponed the signing of it until the next day, when defendants' attorney appeared, and the plaintiff's attorney wrote a letter to the judge, by which letter the late circuit judge concluded plaintiff's attorney intended to withdraw the bill, and so informed defendant's at-

torney; and also stated that he had found his notes of trial, and from those it appeared the bill was incorrectly settled in the particular mentioned by defendants' attorney, and gave defendants' attorney a certificate to that effect, dated December 2, 1845. On which day plaintiff's attorney took a rule by default granting a new trial in the cause before the circuit judge holding the term.

Plaintiff's papers showed that the bill was left for settlement with the late circuit judge on the 6th April, 1844, and sent by the judge to plaintiff's attorney on the 28th June following. Plaintiff's attorney returned the bill to the judge, with a request to have him review the settlement; some five or six months afterwards, defendants' attorney took the *bill from the circuit judge and delivered it to plain- [*103] tiff's attorney, saying that the judge refused to alter the settlement; it was right as it was. On the 20th November, 1845, plaintiff's attorney served on defendants' attorney a copy of the case as settled; that no objections were made to the settlement by defendants' attorney, until the day of the argument. Plaintiff's attorney insisted that, as he had thirty days to make a case or bill of exceptions, if the bill was not signed it was a case. And that he was regular in taking the rule, for the reason that the argument was opened, and postponed for one day, *only*, for the purpose of having the bill signed and not for a resettlement, and that the bill was correct.

R. W. PECKHAM, *defendants' counsel.*

J. I. BURTON, *defendants' attorney.*

J. PERCY, *plaintiff's counsel and attorney.*

BRONSON, Chief Justice. The case was improperly noticed for argument; it was in fact a bill of exceptions; but was not signed by the late circuit judge, therefore was not in a situation to be noticed. On the other side they have been dilatory.

*Decision.*—The rule taken by default in December last va-

cated, and the bill of exceptions referred back to the late cir
cuit judge for resettlement and his signature.